EFFRON, Chief Judge
(dissenting):
I agree with the majority that the military judge erred by prohibiting Appellant’s pretrial review of the evidence. For the reasons set forth below, I respectfully disagree with the majority’s conclusion that the errors by the military judge did not affect the providence of Appellant’s pleas.
1. The pretrial agreement, the stipulation, and the plea inquiry
Prior to the commencement of trial, Appellant entered into a pretrial agreement in which he agreed to enter unconditional guilty pleas to one specification of knowingly receiving child pornography in violation of Article 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 934 (2006), and to one specification of violating a lawful general order by wrongfully using a government computer to view child pornography, in violation of Article 92, UCMJ, 10 U.S.C. § 892 (2006). He also entered into a stipulation of fact in which he admitted viewing child pornography and provided general descriptions of the images that he viewed.
During the initial providence inquiry, Appellant encountered difficulty in describing the child pornography that the Government identified as being taken from his computer. *301 After struggling with Appellant’s answers to his questions, the military judge noted for the record that Appellant was having a “difficult time ... maintaining composure” and recessed the court for the evening.
When the court-martial reconvened the next morning, the military judge noted that he had held an off-the-record conference under Rule for Courts-Martial (R.C.M.) 802, and provided the following summary for the record: “Defense ... asked during that 802 for leave of the court to have the accused go back and review the images of pornography for which he is pleading guilty. My inclination at that time was not to allow that.” At that point, the defense made a request on the record for the accused to have an opportunity to review the images referred to in the charged offense. The defense noted that Appellant had been unable to give specific details about the images during the providence inquiry, and further asserted that Appellant had a right to review the evidence against him.
The military judge denied the request on the record, stating that he did not want to stop the proceedings in the middle of the providence inquiry to allow Appellant to review the materials. He added that “it’s clear to me that reviewing these images is not going to resolve the issues that your client was having yesterday.”
Defense counsel then referred to consideration of the same matter at an earlier session under R.C.M. 802, held prior to trial. Up to that point, the record contained no previous mention of consideration of that matter at a pretrial session under R.C.M. 802.
Defense counsel reminded the military judge that the subject of Appellant’s access to the images at issue in the charges against him “was discussed in an 802 on 10 April, originally, prior to the trial commencing.” The military judge agreed that the subject had been discussed, but disagreed as to the right of Appellant to view the evidence at issue prior to trial or later during the providence inquiry, stating: ‘Tes, Yes it was and my inclination was the same then. That it was not necessary for these proceedings at the point at which the proceedings were.” He added:
I think that issue is off the mark procedurally in terms of the timeliness with which it was raised and context in which it was raised. That’s not to say under other circumstances that might not be a proper exercise of an accused’s right, but as it’s been raised in this case, it is untimely and improper.
The providence inquiry then proceeded. The military judge concluded that the plea inquiry and the stipulation of fact demonstrated the providence of Appellant’s pleas.
2. Post-trial submissions
Appellant’s post-trial clemency submission to the convening authority discussed circumstances in which he had been denied access to the evidence against him. The submission noted that “Government Trial Counsel and Defense Counsel had arranged a time and location for [Appellant] to view the evidence. This was common practice by both Trial and Defense Counsel.”
The clemency request noted that denial of access to the evidence resulted not from actions by the prosecution, but by a ruling from the pretrial actions of the military judge during the off-the-record session under R.C.M. 802:
During a conference with the Military Judge under R.C.M. 802 on 10 April 2006, Trial Counsel mentioned to the Military Judge the specifies of the planned review of evidence. At that time, the Military Judge stated that [Appellant] would not be permitted to view the images. Defense counsel stated that it was common procedure and was [Appellant’s] right to view the evidence. The Military Judge again stated that [Appellant] would not be permitted to view the images.
The clemency request further noted:
Defense Counsel pressed the Military Judge for clarification on whether the statement to bar [Appellant] from viewing the information was a lawful order or an order by the court. The Military Judge stated that it is what is and that [Appellant] will not view the images. At no time *302 did Trial counsel raise an objection to viewing of the images by [Appellant]. However, Trial Counsel was equally confused by the Military Judge’s statement and/or order.
The clemency request also discussed the mid-providence R.C.M. 802 conferences, stating that there was a conference on the first day of trial in which defense counsel again requested that Appellant be allowed to view the evidence, which the military judge denied. There was an additional R.C.M. 802 conference the next morning before trial resumed, in which the military judge again stated that Appellant would not be permitted to review the images and did not give further explanation despite defense counsel’s request for clarification.
In a post-trial declaration, Appellant stated that he signed the stipulation of fact without reviewing the images at issue in the charges, and that he had only a vague recollection as to the contents of the images. He further stated that during the second day of the providence inquiry, he had relied upon a document prepared by defense counsel. The document contained descriptions of the images at issue, including the estimated ages of the individuals in the pictures and the acts depicted in each picture. According to Appellant, he read from that document, “often word-for-word” in answering the military judge’s questions on the second day of the providence hearing.
3. The limited, authority for off-the-record discussions
By statute, the proceedings of general and special courts-martial, including those sessions conducted outside the presence of the members by a military judge, must be held in the presence of the accused, defense counsel, and trial counsel, and shall be part of the record. Article 39(b), UCMJ, 10 U.S.C. § 839(b) (2006). These requirements represent more than mere technical formalities. In the military justice system, significant constitutional rights are applied in a manner that differs substantially from civilian criminal proceedings. In that context, the emphasis in the UCMJ on participation, presence, and transparency represent critical military justice values.
In 1984, the President promulgated R.C.M. 802 in the Manual for Courts-Martial, which was designed to facilitate the out-of-court discussions between counsel and military judges necessary to the day-to-day management of courts-martial in a manner consistent with the UCMJ. R.C.M. 802 contains limited authority for off-the-record conferences between the military judge and the parties. Conferences under R.C.M. 802 need not be recorded verbatim, but the “matters agreed upon at a conference shall be included in the record orally or in writing.” R.C.M. 802(b). Substantive rulings may be issued at such conferences only with the consent of the parties and only if the consent is on the record. R.C.M. 802(a) Discussion. The accused is neither required nor prohibited from attending R.C.M. 802 conferences. R.C.M. 802(d). The record in the present case reflects use of a session under R.C.M. 802, at which he was not present, to address substantial issues advei’sely affecting Appellant’s rights without setting forth consent of the parties on the record.
4. Waiver
The majority concludes that Appellant’s guilty plea waived any issues related to the military judge’s denial of his requests to review the evidence against him. I respectfully disagree in the context of the improper use of off-the-record proceedings under R.C.M. 802. The military judge made a critical ruling off-the-record and outside the presence of the accused. The ruling denied Appellant access to evidence central to the charges against him. The military judge offered little explanation for his rulings either on or off the record.
An unscripted statement of the factual circumstances supporting a plea of guilty provides one of the critical pillars of the plea colloquy in the military justice system under United States v. Care, 18 C.M.A. 535, 40 C.M.R. 247 (1969). At the initial providence inquiry, the accused was unable to provide clear answers to the military judge supporting the plea in the absence of personal access *303 to the evidence against him during the initial colloquy. In the subsequent inquiry, his responses came not from a review of the evidence against him, but from reference to a document prepared by counsel. Under the circumstances of this ease, the record does not reflect a knowing, voluntary, and intelligent waiver of his right to a complete plea inquiry and colloquy, rendering the plea improvident.